HARDY, Judge.
This is an action ex delicto in which plaintiff claimed damages resulting from a motor vehicle collision. From judgment in favor of plaintiff in the principal sum of $10,650.00 the defendants have appealed, and plaintiff has answered the appeal, praying for an increase in the amount of the award to the sum of $30,000.00.
The accident which gave rise to this litigation occurred on April 5, 1965. Plaintiff, owner and driver of a 1959 Hillman automobile, was struck from the rear by a 1959 Chevrolet Tandem dump truck owned by defendant, Netherton Company. The judgment in favor of plaintiff was rendered against the defendants, Netherton Company as owner and Lumberman’s Mutual-Casualty Company, its liability insurer.
On this appeal the named defendants complain that the amount of the judgment rendered in favor of plaintiff is inordinately excessive, whereas plaintiff urges that the award was grossly inadequate.
Plaintiff claimed damages for medical expenses, future medical expenses, loss of earnings to date of filing suit, loss of future earnings, past and future pain and suffering and future disability and impairment of physical functions in the total amount of $35,505.40, and by supplemental petition prayed for an additional amount *687 of $795.00 representing damage to his automobile. The district judge did not itemize the allowances included in the total award represented by the judgment. No objection is made by counsel for either party to the allowance of $650.00 representing damage to plaintiff’s car, and the amount of $609.55 as medical expenses. The dispute between the parties, therefore, presents a difference of opinion as to the correctness of the judgment of slightly less than $9,500.00 which represents the lump sum award responsive to plaintiff’s claims for loss of wages, pain, suffering and disability.
The issue presented by this appeal is purely factual, being limited to the question of quantum, and requires a determination as to whether the judgment appealed from is substantially excessive or inadequate.
The record before us, which is somewhat unsatisfactory in certain particulars, does, however, establish the nature of plaintiff’s injuries as a compression fracture of the first lumbar vertebra, a sprain of the cervical area, commonly known as a whiplash injury, and an aggravation of a pre-existing osteoarthritis. Plaintiff was hospitalized immediately following the accident for a period of four days; was returned to his home where he was confined to his bed in traction for a period of time which is not definitely established; was returned to the hospital on May 31st for treatment of severe neck pain and radiculitis for an additional period of four days, and thereafter was incapacitated from returning to work for a period of five or six months.
The medical testimony on behalf of plaintiff was given by Dr. Brown, his personal physician, and Dr. Bicknell, an orthopedic specialist to whom plaintiff was referred for treatment, and also included by agreement of counsel were reports of Dr. Bond, a neurosurgeon to whom plaintiff was also referred for examination and diagnosis. In compliance with his doctors’ directions, plaintiff wore a Jewett type brace and a cervical collar, but again it must be pointed out that the record does not definitely fix the period of time during which the supportive appliances were used.
The record further establishes that at the time of the accident plaintiff was the owner and operator of a small automobile body repair shop. Prior to the accident plaintiff, assisted by one or two employees, performed the manual labor required in the operation of this enterprise, from which he showed a net income of approximately $200.00 per month. Due to plaintiff’s inability to give personal attention to his business, its operation declined until it was closed down in the month of July, 1965. However, plaintiff re-opened a similar body repair shop in November, 1965, and testified that his net profits from the operation of the new shop averaged approximately $200.00 or $250.00 per month.
Trial of this case in the district court was had approximately eleven months following the accident, at which time plaintiff was still suffering considerable pain and discomfort and was substantially disabled from the performance of manual labor in connection with the operation of his automobile body repair shop. This conclusion of pain and disability is amply supported by the medical testimony which also indicated that pain and disability largely attributable to the traumatic exaggeration of the arthritic condition would continue for an indefinite period of time.
Counsel for defendants strenuously argues that plaintiff suffered “a mild to moderate cervical sprain superimposed upon pre-existing osteoarthritis and a mild, well healed compression fracture.” On the basis of this analysis of plaintiff’s injuries it is urged that the judgment appealed from was obviously excessive.
We cannot agree with counsel’s conclusion as to the somewhat superficial nature of plaintiff’s injuries. We think the record adequately justifies the conclusion that at the time of trial plaintiff was still suffering severe pain from the cervical injury, as well as a substantial degree of
*688 pain from the arthritic condition exaggerated and increased by trauma and a resulting physical disability which can reasonably be expected to continue for an indefinite but extensive period of time. On the basis of these factors we cannot conclude that the judgment appealed from was erroneous.
Neither can we agree with counsel for plaintiff that the award was manifestly inadequate. The record does not justify the allowance of damages representing future medical treatment and future lost earnings, and the judgment, therefore, must be restricted to an amount, which adequately represents compensation for pain and suffering and partial physical disability.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.